UNITED STATES BANKRUPTCY COURT  NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
In re:                                                  :   Chapter 15
                                                        :
Comair Limited (in Liquidation),                        :   Case No. 21-10298 (JLG)
                                                        :
        Debtor in a Foreign Proceeding.¹                :
------------------------------------------------------- x
```

**MEMORANDUM DECISION GRANTING THE MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE FOREIGN REPRESENTATIVES
TO ENTER INTO A SETTLEMENT AGREEMENT AND
(II) ENTRUSTING THE SETTLEMENT PROCEEDS TO THE FOREIGN
REPRESENTATIVES FOR DISTRIBUTION IN THE FOREIGN PROCEEDING**

**A P P E A R A N C E S :**

PILLSBURY WINTHROP SHAW PITTMAN LLP
*Attorneys for the Foreign Representatives of*
*Comair Limited*
31 West 52nd Street
New York, NY 10019-6131
By:    John A. Pintarelli, Esq.
       Rahman Connelly, Esq.

---

[1] The Debtor's company registration number is 1967/006783/06. The Debtor's registered business address is 2-4 Fortress Road, Rhodesfield, Kempton Park, Gauteng c/o Stowell & Co., P.O. Box 33, Pietermaritzburg, 3200 South Africa.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

Neil David Button, Kgashane Christopher Monyela, Tracy Anne Cameron, Ahmed Carim and Buhle Jeffrey Eric Buthelezi are the duly appointed liquidators (the "Liquidators"), and foreign representatives (the "Foreign Representatives") of Comair Limited (in Liquidation) ("Comair" or the "Debtor"). The Liquidators seek entry of an order (i) pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019") authorizing them to enter into a Settlement Agreement with The Boeing Company ("Boeing"); and (ii) under sections 1507, 1521, and 1522 of the Bankruptcy Code, entrusting the Settlement Proceeds to them for distribution in the South African proceeding in accordance with South African law (the "Motion").[3] They submitted the Declaration of Neil David Button (the "Button Decl.")[4] in support of the Motion. They also rely on the three declarations previously submitted in this chapter 15 case by Nastascha Harduth, acting

---

[2] Capitalized terms used have the meanings ascribed to them herein. References to "ECF No. __" are to documents filed on the electronic docket in this chapter 15 case, No. 21-10298.

[3] *Foreign Representatives Motion for Entry of an Order (I) Authorizing the Foreign Representatives to Enter into a Settlement Agreement Pursuant to Bankr. R. 9019(a) and (II) Entrusting Proceeds of Settlement to the Foreign Representatives for Distribution in the Foreign Proceeding*, ECF No. 108. The Court authorized the Foreign Representatives to file the Settlement Agreement under seal and to file redacted versions of the Motion and Settlement Agreement on the docket of this case. *Order Granting Ex-Parte Motion of Foreign Representatives to File Under Seal (A) Motion for Entry of an Order (I) Authorizing the Foreign Representative to Enter into a Settlement Agreement Pursuant to Bankr. R. 9019(a) and (II) Entrusting Settlement Proceeds to the Foreign Representatives for Distribution in the South Africa Proceedings; (B) Declaration of Neil David Button in Support Thereof; (C) the Settlement Agreement and (D) the Termination Agreement*, ECF No. 107.

[4] *Declaration of Neil David Button in Support of Motion for Entry of an Order Authorizing the Foreign Representatives to Enter into a Settlement Agreement*, ECF No. 109.

2

as counsel to the Business Rescue Practitioners: the Harduth Declaration,[5] the Second Harduth Declaration,[6] and the Supplemental Harduth Declaration.[7]

No responses were filed to the Motion. The Foreign Representatives filed a certificate of no objection to the Motion.[8] The Court did not conduct a hearing on the Motion and instead considers the matters on the papers. For the reasons stated herein, the Court grants the Motion.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Referral of Cases to Bankruptcy Judges*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

## BACKGROUND

### Comair's Business Rescue Proceedings

The Debtor is an entity incorporated in the Republic of South Africa that formerly operated a commercial airline business. In May 2020, it commenced a "Business Rescue Proceeding" under the South African Companies Act of 2008 in the High Court of South Africa (the "High Court"). Richard Ferguson and Shaun Collyer were initially appointed as the business rescue practitioners in that proceeding. Button Decl. ¶ 5. In May 2021, Mr. Collyer resigned and was replaced by Neil Hablutzel (with Mr. Ferguson, the "Business Rescue Practitioners"). *Id.* On September 18, 2020,

---

[5] *Declaration of Nastascha Harduth in Support of Chapter 15 Petition for Recognition as Foreign Main Proceeding*, ECF No. 4.

[6] *Declaration of Nastascha Harduth in Support of Motion to Amend Recognition Order*, ECF No. 57.

[7] *Supplemental Declaration of Nastascha Harduth in Support of Motion to Amend Recognition Order*, ECF No. 66.

[8] *Certificate of No Objection*, ECF No. 113.

3

under the Business Rescue Practitioners' oversight, Comair's creditors adopted Comair's business rescue plan. *Id.*

On April 15, 2021, the Court entered an order (i) recognizing the Business Rescue Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code; (ii) recognizing the Business Rescue Practitioners as foreign representatives within the meaning of section 101(24) of the Bankruptcy Code; and (iii) granting certain injunctive and other relief pursuant to sections 1521 and 362 of the Bankruptcy Code (the "Recognition Order").[9]

**Comair's South African Provisional Liquidation**

On June 9, 2022, after making the determination that there was no longer a reasonable prospect for Comair to be rescued, the Business Rescue Practitioners filed an application with the High Court pursuant to section 141(2) of the Companies Act 71 of 2008 seeking an order that the Business Rescue Proceeding be discontinued and that Comair be provisionally wound up or liquidated. Button Decl. ¶ 7.

Under South African law, the liquidation of an insolvent company is governed by the Insolvency Act 24 of 1936, and the Companies Act 61 of 1973. *Id.* ¶ 8. When an application to commence a liquidation proceeding is filed, the High Court initially grants it on a provisional basis, thus placing the company into provisional liquidation. *Id.* The High Court also sets a deadline for parties in interest to show cause as to why the provisional order should not be granted on a final basis. *Id.* However, that deadline can be extended for cause shown. *Id.*

South African law imposes on liquidators the duty "to recover and reduce into possession all the assets and property of the company" to sell those assets, and to distribute the proceeds to

---

[9] *Order Granting Recognition and Relief in Aid of a Foreign Main Proceeding Pursuant to Sections 1504, 1509, 1515, 1517, 1520, 1521, and 1524 Under Chapter 15 of the Bankruptcy Code*, ECF No. 12.

4

creditors in accordance with their statutory order of preference. *Id.* ¶ 9. Liquidators also have the power to bring and defend litigation in the name and on behalf of the company and to take such other measures for the protection and better administration of the affairs and property of the company as the liquidators may deem necessary. *Id.*

On June 14, 2022, the High Court entered a provisional order granting the Business Rescue Practitioners' application to convert the Business Rescue Proceeding to a liquidation (the "Provisional Liquidation Order"). *Id.* ¶ 10. The High Court also set a deadline of July 26, 2022, for parties in interest to show cause why the High Court should not enter a final liquidation order. *Id.*

On June 17, 2022, the Master of the High Court (the "Master") appointed Cloete Murray, Kgashane Christopher Monyela, Ahmed Carim, Tracy Anne Cameron, and Buhle Jeffery Eric Buthelezi as the Joint Provisional Liquidators ("JPLs") and, thereafter, issued the certificate of appointment of the JPLs. *Id.* ¶ 11.

On July 15, 2022, the JPLs filed the Motion to Amend the Recognition Order.[10] Thereafter, the High Court extended the return date of the Provisional Liquidation Order from July 26, 2022, to December 10, 2022, because the JPLs were, inter alia, dealing with (a) prospective offers for the purchase of Comair's assets, including the domestic air licenses, the air operating certificate and intellectual property and (b) negotiations with organized labor and non-represented employees in respect of possible severance payments. Button Decl. ¶ 13.

On December 10, 2022, the High Court further extended the return date of the Provisional Liquidation Order to June 29, 2023. *Id.* ¶ 14. On February 12, 2023, this Court entered its

---

[10] *Motion to (A) Amend Order Recognizing Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1517(D) and 1522(C), and (B) Substitute the Provisional Liquidators in Pending Contested Matters Pursuant to Bankruptcy Rule 7025*, ECF No. 56.

Memorandum Decision and Order granting the Motion to Amend the Recognition Order.[11] On February 27, 2023, the Court entered the Amended Recognition Order.[12] On June 29, 2023, the High Court further extended the return date of the Provisional Liquidation Order to January 25, 2024. Button Decl. ¶ 18. On January 18, 2024, the JPLs provided notice to all affected persons that it would not seek a further extension of the Provisional Liquidation Order and would ask the High Court on January 25, 2024, to wind-up Comair on a final basis. *Id.* ¶ 20.

On January 25, 2024, the High Court ordered that Comair be wound up on a final basis in the hands of the Master. *Id.* ¶ 21. The Master convened the first meeting of creditors for February 28, 2024. *Id.* ¶ 22. That meeting was adjourned to March 12, 2024, due to a high number of claims being submitted. *Id.* The Liquidators were elected by the creditors at the adjourned meeting. *Id.* ¶ 23. On April 8, 2024, the Master issued the Liquidators a certificate of appointment. *Id.*

**The Boeing Litigation and Settlement Agreement**

On February 6, 2023, the Debtor filed a complaint for damages against Boeing (the "Complaint") in the United States District Court for the Western District of Washington at Seattle (the "District Court"), Case No. 23-cv-00176, asserting claims for, inter alia, (a) breach of contract, (b) breach of the duty of good faith and fair dealing, (c) fraud in the inducement, (d) fraudulent concealment, (e) fraudulent misrepresentation and (f) negligent misrepresentation. *Id.* ¶ 15.

On March 12, 2023, Boeing filed a motion to dismiss the Complaint. *Id.* ¶ 17. On September 25, 2023, the District Court denied the motion, except that it dismissed the claim for breach of the duty of good faith and fair dealing. *Id.* ¶ 19. Thereafter, in its answer to the Complaint,

---

[11] *Memorandum Decision Granting Motion to (A) Amend Order Recognizing Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1517(D) and 1522(C), and (B) Substitute the Provisional Liquidators in Pending Contested Matters Pursuant to Bankruptcy Rule 7025*, ECF No. 91.

[12] *Amended Order Granting Recognition and Relief in Aid of a Foreign Main Proceeding Pursuant to Sections 1504, 1509, 1515, 1517, 1520, 1521, and 1524 Under Chapter 15 of the Bankruptcy Code*, ECF No. 96.

Boeing asserted a counterclaim against the Debtor for breach of contract. Boeing claims in excess of $100 million as an offset against any liability under the Complaint. *Id.* ¶ 25.

The Debtor has expended significant resources to investigate and bring claims in the Complaint against Boeing for the benefit of Comair and its stakeholders. *Id.* ¶ 24. Moreover, the Liquidators, together with United States and South African counsel, have reviewed thousands of documents (constituting millions of pages) related to the business relationship between Comair and Boeing and expended significant sums investigating and litigating the Boeing claims, including the exchange of document discovery, and numerous depositions in the United States, South Africa, and France. *Id.* ¶ 25.

After lengthy settlement discussions with Boeing during years of litigation and shortly before the October 6, 2025 trial date in the District Court, the Liquidators and Boeing agreed to the terms of a confidential settlement agreement (the "Settlement Agreement"). *Id.* ¶ 26. In substance, the agreement calls for the exchange of valuable consideration and mutual general releases such that Boeing is not entitled to file any claims in the South African proceeding. *Id.*

**<u>The Motion</u>**

The Foreign Representatives seek two forms of relief in the Motion. Pursuant to Rule 9019, they seek entry of an order which authorizes them to enter into the Settlement Agreement (including the related Termination Agreement). Motion ¶ 23. They request entry of an order substantially in the form of the proposed order attached to the Motion as Exhibit A authorizing their entry into a settlement with Boeing, substantially in the form of an agreement attached to the Motion as Exhibit B (the "Settlement Agreement"). *Id.* In short, as support, they contend the agreement falls well within the range of reasonableness and is in the best interest of the Debtor and its stakeholders. *Id.* ¶ 33.

7

They also seek additional relief from this Court under sections 1507, 1521, and 1522 of the Bankruptcy Code. *Id.* ¶ 35. They say that by application of sections 1521(b) and 1522(a), the Court should entrust the settlement payment minus litigation attorneys' fees and costs ("Settlement Proceeds") to the Liquidators for further distribution to creditors in the South African proceeding in accordance with South African law. *Id.* ¶¶ 35-36. Alternatively, they contend that relief is appropriate as "additional assistance" under section 1507(a) of the Bankruptcy Code. *Id.* ¶ 40.

The Court considers these matters below.

## DISCUSSION

### Whether the Court Should Authorize the Foreign Representatives to Enter into the Settlement Agreement

Pursuant to Rule 9019, "[o]n the Trustee's motion and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The rule has been applied in chapter 15 cases. *In re: Cinque Terre Fin. Grp. Ltd.*, No. 16-11086, 2017 WL 4843738, at *10 (Bankr. S.D.N.Y. Oct. 24, 2017) (collecting cases). "Settlements are generally favored in bankruptcy because they 'minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate.'" *In re Allard*, No. 18-14092, 2021 WL 2546668, at *6 (Bankr. S.D.N.Y. June 21, 2021) (quoting *HSBC Bank USA v. Fane (In re MF Glob. Inc.)*, 466 B.R. 244, 247 (Bankr. S.D.N.Y. 2012)); *accord In re Hibbard Brown & Co., Inc.,* 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

To approve a settlement under Rule 9019, the Court must find that the settlement "is fair and equitable and in the best interests of the estate." *In re Charter Commc'ns*, 419 B.R. 221, 252 (Bankr. S.D.N.Y. 2009) (citing *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968)); *accord In re Best Prods. Co.,* 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994), *appeal dismissed sub nom. RTC v. Best Prods. Co. (In re Best Prods. Co.),* 177

8

B.R. 791 (S.D.N.Y. 1995), *aff'd*, 68 F.3d 26 (2d Cir. 1995). The settlement proponent bears the burden of persuading the Court that the settlement is in the best interests of the estate. *In re MF Glob. Inc.*, No. 11-2790, 2012 WL 3242533, at *6 (Bankr. S.D.N.Y. Aug. 10, 2012).

When evaluating a proposed settlement, the Court must make an independent inquiry of the facts, to make "an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated" and "should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment[.]" *TMT Trailer Ferry, Inc.*, 390 U.S. at 424. However, the Court need not conduct a "mini trial" of the underlying merits, and should consider the business judgment of the Trustee and the general public policy favoring settlements. *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005); *O'Toole v. McTaggart (In re Trinsum Grp., Inc.)*, No. 08-12547, 2013 WL 1821592, at *4 (Bankr. S.D.N.Y. Apr. 30, 2013) ("A court may exercise its discretion 'in light of the general public policy favoring settlements.' In evaluating the necessary facts, a court may rely on the opinion of the debtor, parties to the settlement, and the professionals." (quoting *In re Hibbard Brown & Co., Inc.*, 217 B.R. at 46)).

The Court's responsibility "is not to decide the numerous questions of law and fact raised . . . but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d. Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)); *accord Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.),* 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (the standard for approval under Rule 9019 is whether the settlement "fall[s] below the lowest point in the range of reasonableness"). The Court may give weight to the "informed judgments of

9

the . . . debtor-in possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord Ashford Hotels Ltd.*, 226 B.R. 797, 806 (Bankr. S.D.N.Y. 1991) ("Significantly, that test does not contemplate that [the court] substitute [its] judgement for the Trustee's, but only that [the court] test his choice for reasonableness. If the Trustee chooses one of two reasonable choices, [the court] must approve that choice, even if, all things being equal, [the court] would have selected the other." (citations omitted)).

In this district, in assessing whether a settlement is fair and equitable, courts apply the factors outlined by the Second Circuit in *Motorola, Inc. v. Official Committee of Unsecured Creditors (In re Iridium Operating LLC),* 478 F.3d 452, 455 (2d Cir. 2007) (the "Iridium Factors"). *See Nuevo Pueblo, LLC v. Napolitano (In re Nuevo Pueblo, LLC)*, 608 F. App'x 40, 41 (2d Cir. 2015) (unpublished) ("In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, a court asks whether the settlement is 'fair and equitable,' considering the [Iridium Factors]."); *Ambac Fin. Grp., Inc.,* 457 B.R. 299, 303 (Bankr. S.D.N.Y. 2011)*, aff'd,* No. 10-B-15973, 2011 WL 6844533 (S.D.N.Y. Dec. 29, 2011)*, aff'd,* 487 F. App'x 663 (2d Cir. 2012) (unpublished) ("here in the Southern District of New York we apply the Iridium [F]actors in evaluating a proposed settlement"). The Iridium Factors include:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
>
> (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;
>
> (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

10

>  (4) whether other parties in interest support the settlement;
>
>  (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;
>
>  (6) the nature and breadth of releases to be obtained by officers and directors; and
>
>  (7) the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC,* 478 F.3d at 462 (citation modified). If the Court finds that "most or all of the [Iridium Factors] are satisfied, the settlement should be approved." *In re 305 E. 61st St. Grp. LLC*, No. 19-11911, 2022 WL 16749111, at *3 (Bankr. S.D.N.Y. Nov. 7, 2022).

The Court, applying the Iridium Factors, finds that the Settlement Agreement is fair and equitable and in the best interests of Comair and its creditors.

***(1) The Balance Between the Litigation's Possibility of Success and the Settlement's Future Benefits***

Balancing the litigation's possibility of success and the settlement's future benefits, the Court concludes that the first Iridium Factor weighs in favor of approving the Settlement Agreement. The benefits of the settlement are clear—it provides an immediate and certain resolution of the Complaint and the District Court litigation. *In re Wythe Berry Fee Owner LLC*, 660 B.R. 534, 565 (Bankr. S.D.N.Y. 2024); *accord In re Roman Cath. Diocese of Rockville Ctr.*, 665 B.R. 71, 85-86 (Bankr. S.D.N.Y. 2024). The Debtor has expended significant resources in prosecuting the Complaint and, although the Foreign Representatives believe the Debtor would ultimately prevail, they have demonstrated that the Settlement Agreement achieves an equitable result and eliminates the additional cost and uncertainty of prolonged litigation. Button Decl. ¶¶ 24, 27. If Boeing were to prevail at trial on its counterclaim, it could wipe out all recovery by the Debtor. In the settlement, Boeing receives and is credited with nothing on its counterclaim. *Id.* ¶

11

25. The Court therefore concludes that the first factor weighs in favor of approving the Settlement Agreement.

***(2) The Likelihood of Complex and Protracted Litigation, with its Attendant Expense, Inconvenience, and Delay, Including the Difficulty in Collecting on the Judgment***

The second Iridium Factor is the likelihood of complex and protected litigation with its attendant expense, inconvenience, and delay. The Complaint has been pending for over two years. Button Decl. ¶ 15. The Foreign Representatives have expended significant sums pursuing the Complaint. *Id.* ¶ 24. Boeing has already achieved a partial dismissal of the Complaint, and trial, while scheduled, has yet to commence. *Id.* ¶¶ 19, 26. The Foreign Representatives have demonstrated, and the Court finds that, due to the myriad claims being asserted in the Complaint, and the factual nature of fraud claims, the litigation concerning the Complaint "would be a lengthy and costly process whose outcome is uncertain." *In re 305 E. 61st St. Grp. LLC*, 2022 WL 16749111, at *3. The second factor therefore weighs in favor of approving the Settlement Agreement.

***(3) The Paramount Interests of the Creditors and the Degree to Which Creditors Support the Proposed Settlement***

No creditor has filed a statement in support of or in opposition to the Settlement Agreement. The Settlement Agreement resolves all of the Debtor's disputes with Boeing. Button Decl. ¶ 26. As such, the agreement "serves the interest of creditors as it offers a clear and definitive resolution of pending and anticipated litigation thereby conserving estate resources." *In re Wythe Berry Fee Owner LLC*, 660 B.R. at 565; *In re ECM Straits Fund I, LP*, No. 23-12044, 2024 WL 4712995, at *7 (Bankr. S.D.N.Y. Nov. 7, 2024) ("Given the Settlement's likeliness to conserve estate assets and maximize value for creditors, the third Iridium Factor also favors approval of the Settlement.").

12

***(4) Whether Other Parties in Interest Support the Settlement***

No responses were filed to the Motion. As no party in interest has supported or opposed the Settlement Agreement, this factor is neutral.

***(5) The Competency and Experience of Counsel Supporting the Settlement***

The competency and experience of the professionals weighs in favor of approving the settlement. The parties are represented by counsel and the Court has no reason to doubt their competency and experience. *See In re 305 E. 61st St. Grp. LLC*, 2022 WL 16749111, at *4; *accord Ehrlich v. DiStefano (In re DiStefano),* 654 B.R. 49, 56 (Bankr. N.D.N.Y. 2023) (finding the fifth factor supported approval of settlement where the parties' counsel had "years of experience in bankruptcy," had "engaged in or presided over complex litigation," and were "more than able to spot potential legal issues or factual pitfalls in their positions.").

***(6) The Nature and Breadth of Releases to be Obtained by Officers and Directors***

The Settlement Agreement contains mutual general releases such that Boeing is not entitled to file any claims in the South African proceeding. Button Decl. ¶ 26. The Court finds that the releases contained in the Settlement Agreement are appropriately delineated to resolve the litigation. This factor therefore weighs in favor of approving the agreement. *See In re ECM Straits Fund I, LP*, 2024 WL 4712995, at *7 (approving settlement where the "scope of such releases [was] appropriate"); *accord In re: Cinque Terre Fin. Grp. Ltd.*, 2017 WL 4843738, at *12 (same).

***(7) The Extent to Which the Settlement is the Product of Arm's Length Bargaining***

The agreement is the product of arm's length bargaining and that each party was represented by counsel. *See* Button Decl. ¶¶ 26-27. "The Parties have been on opposing sides of protracted, hard-fought litigation before the settlement. Therefore, it is highly unlikely that the

13

negotiations leading up to the Settlement have been nothing short of true arm's-length bargaining."
*In re Wythe Berry Fee Owner LLC*, 660 B.R. at 568.

The Court has canvassed the matters at issue in the Complaint and finds that, after examining the Iridium Factors, and granting proper weight to the Liquidators' business judgment, and the general policy favoring settlements, that the Settlement Agreement does not fall below the lowest point in the range of reasonableness and is in the best interests of Comair and its stakeholders. Therefore, the Court grants the Liquidators relief under Rule 9019, and approves the Settlement Agreement.

**Whether the Court should Entrust the Settlement Proceeds to the Liquidators for Distribution in the Liquidation Proceeding**

*Section 1521 and 1522 of the Bankruptcy Code*

Section 1521 permits the court, in its discretion, to order the entrustment of a debtor's assets to its foreign representative. Two forms of discretionary entrustment are available to a court under section 1521. *In re Atlas Shipping A/S*, 404 B.R. 726, 740 (Bankr. S.D.N.Y. 2009). Pursuant to section 1521(a)(5) the Court may "entrust[] the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative . . . ." 11 U.S.C. § 1521(a)(5). In the Amended Recognition Order the Court granted such relief, as it recognized the South African liquidation proceedings as foreign main proceedings and effectively entrusted the administration and realization of the Debtor's assets in the United States to the Liquidators. Amended Recognition Order ¶ 9. Section 1521(b) addresses entrusting the distribution of a debtor's assets outside the United States to a foreign representative. That is the relief that is at issue herein. It provides:

> Upon recognition of a foreign proceeding, whether main or nonmain, the court may, at the request of the foreign representative, entrust the distribution of all or part of the debtor's assets located in the United States to the foreign

14

representative or another person, including an examiner, authorized by the court, provided that the court is satisfied that the interests of creditors in the United States are sufficiently protected.

11 U.S.C. § 1521(b). "In other words, where assets are entrusted to the foreign representative for distribution outside the United States, section 1521(b) permits a court to do so as long as the court finds that the interests of U.S.-based creditors are 'sufficiently protected.'" *In re ECM Straits Fund I, LP*, 2024 WL 4712995, at *5 (quoting *In re Markus*, 610 B.R. 64, 76 (Bankr. S.D.N.Y. 2019), *aff'd*, 620 B.R. 31 (S.D.N.Y. 2020) (quoting 11 U.S.C. § 1521(b)).

Section 1522(a) ensures that in applying section 1521, "the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a). "The idea underlying [section 1522] is that there should be a balance between relief that may be granted to the foreign representative and the interests of the persons that may be affected by such relief." *In re Markus*, 610 B.R. at 77 (quoting *In re Int'l Banking Corp. B.S.C.*, 439 B.R. 614, 626 (Bankr. S.D.N.Y. 2010)).

This Court has also explained the concept of "sufficient protection" as:

> embodying three basic principles: the just treatment of all holders of claims against the bankruptcy estate, the protection of U.S. claimants against prejudice and inconvenience in the processing of claims in the [foreign] proceeding, and the distribution of proceeds of the [foreign] estate substantially in accordance with the order prescribed by U.S. law.

*In re ENNIA Caribe Holding N.V.*, 596 B.R. 316, 322 (Bankr. S.D.N.Y. 2019) (quoting In re *Atlas Shipping*, A/S, 404 B.R. at 740).

(1) The Just Treatment of All Holders of Claims or Interests

"The just treatment factor is generally satisfied upon a showing that the applicable law provides for a comprehensive procedure for the orderly and equitable distribution of [the debtor]'s assets among all of its creditors." *In re Avanti Commc'ns Grp. PLC*, 582 B.R. 603, 615 (Bankr.

15

S.D.N.Y. 2018) (quoting *In re Rede Energia S.A.*, 515 B.R. 69, 95 (Bankr. S.D.N.Y. 2014)). The just treatment factor is not satisfied where the proceeding "fails to provide creditors access to information and an opportunity to be heard in a meaningful manner, which are [f]undamental requisites of due process, or where the proceeding would not recognize a creditor as a claimholder." *In re Rede Energia S.A.*, 515 B.R. at 95 (internal quotation marks omitted). South African law does not favor domestic claimants over foreign claimants, and creditors may submit proofs of claim and otherwise participate in the liquidation proceeding. Second Harduth Declaration ¶¶ 26-27. The Court is satisfied that this factor weighs in favor of entrusting the Settlement Proceeds to the Liquidators.

<u>(2) Protection of Claim Holders in the United States Against Prejudice and Inconvenience in the Processing of Claims in such Foreign Proceeding</u>

This factor is satisfied where creditors are given adequate notice of the timing and procedures for filing claims, and such procedures do not create additional burdens for a foreign creditor seeking to file a claim. *In re Oi S.A.*, 587 B.R. 253, 268 (Bankr. S.D.N.Y. 2018). Comair's South African liquidation proceeding provides a forum for the Debtor's creditors (regardless of their location) to submit claims. *See generally* Harduth Declaration; Second Harduth Declaration ¶¶ 26-27; Supplemental Harduth Declaration. The Court finds that this factor weighs in the Liquidators' favor.

<u>(3) Distribution of Proceeds of the Debtor's Property Substantially in Accordance with the Order Prescribed by this Title</u>

The third factor requires that the additional assistance reasonably assure the distribution of proceeds of the debtor's property substantially in accordance with the order prescribed by United States law. *See In re Gee*, 53 B.R. 891, 904 (Bankr. S.D.N.Y. 1985) (finding factor weighs in favor of granting assistance where foreign law was "generally in harmony with the Code."). This factor

16

requires only that the "foreign distribution scheme be 'substantially in accordance' with United States bankruptcy law; it does not have to mirror the United States distribution rules." *In re Ionica*, 241 B.R. 829, 836 (Bankr. S.D.N.Y. 1999). This factor is satisfied because the distribution scheme under South African bankruptcy law substantially accords with the distribution scheme under the Bankruptcy Code. South African law provides for distribution to creditors in accordance with a statutory priority scheme that resembles the priority scheme set forth in the Bankruptcy Code. Second Harduth Declaration ¶ 27 (stating that valid claims are entitled to pari passu distribution with other similarly situated creditors). Therefore, the third factor weighs in favor of granting the requested additional assistance. *See In re Oi S.A.*, 587 B.R. at 269 (the factor is satisfied where the distribution scheme under foreign bankruptcy law "substantially accords with the distribution scheme under the Bankruptcy Code.").

The Liquidators have demonstrated that the interests of United States-based creditors are sufficiently protected in the liquidation proceeding. *See In re Atlas Shipping A/S,* 404 B.R. at 740 (holding that relief under section 1521(b) was proper where the foreign proceeding "provide[d] a forum for all creditors seeking to satisfy their claims against a foreign debtor"). They have established grounds for relief under sections 1521(b) and 1522(a) of the Bankruptcy Code.

**Section 1507**

Alternatively, the Foreign Representatives ask the Court to entrust them with the Settlement Proceeds pursuant to section 1507 of the Bankruptcy Code. Section 1507(a) states that "[s]ubject to the specific limitations stated elsewhere in this chapter the court, if recognition is granted, may provide additional assistance to a foreign representative under this title or under other laws of the United States." 11 U.S.C. § 1507(a). "[T]he provision was intended primarily as a savings provision so that access to any existing laws under which a foreign representative could

17

obtain cross-border assistance would remain available . . . ." 8 Collier on Bankruptcy P 1507.01 (16th ed. 2025); *see also In re Int'l Banking Corp. B.S.C.,* 439 B.R. at 626 n.10 (describing section 1507 as a "catch-all" provision that permits the Court to provide "additional assistance" to the foreign representative).

"The interplay between the relief available under sections 1507 and 1521 is far from clear." *In re Avanti Commc'ns Grp. PLC*, 582 B.R. at 615–16 (citing *In re Atlas Shipping A/S*, 404 B.R. at 741). However, "[t]he legislative history of § 1507 states specifically that 'additional relief' is 'beyond that permitted under §§ 1519–1521.'" Allan L. Gropper, *Current Developments in International Insolvency Law: A United States Perspective,* 887 PLI/Comm 815, 830 (2006). Accordingly, where, as here, the relief requested by the Foreign Representatives—"entrustment" of the Settlement Proceeds—is expressly provided for under section 1521, the Court need not consider the request for relief under section 1507. *In re Atlas Shipping A/S,* 404 B.R. at 740 ("Whatever the outer bounds of discretionary relief chapter 15 allows, this case does not push the boundaries. The relief sought by the foreign representative is expressly provided for in §§ 1521(a)(5) and 1521(b). The Court need not venture into the area of 'additional assistance,' 'consistent with principles of comity' under § 1507."); *accord In re Int'l Banking Corp. B.S.C.,* 439 B.R. at 626 n. 10 ("Because the requested relief—"entrustment" or turnover of the Attached Funds—is explicitly treated in section 1521, this Court need not decide whether relief would be appropriate under section 1507.").

18

**CONCLUSION**

Based on the foregoing, the Court grants the Motion. The Foreign Representatives are instructed to submit an order.

IT IS SO ORDERED.

Dated: October 30, 2025
       New York, New York

                                    /s/ *James L. Garrity, Jr.*
                                    Honorable James L. Garrity, Jr.
                                    United States Bankruptcy Judge